*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LEDURA WATKINS,

   Plaintiff-Appellant,

v

STATE OF MICHIGAN,

   Defendant-Appellee,

and

WAYNE COUNTY PROSECUTOR,

   Intervening Defendant-Appellee.

UNPUBLISHED
October 22, 2020

No. 348855
Court of Claims
LC No. 17-000218-MZ

Before: METER, P.J., and SHAPIRO and RIORDAN, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. Plaintiff Ledura Watkins was convicted of first-degree murder in 1975. The evidence supporting his conviction was the testimony of Travis Herndon and a police evidence technician. Herndon long since recanted his testimony and confessed that he and Gary Vanzana, a corrupt police officer, committed the murder. The evidence technician testified at trial that one hair found on the victim was "to [his] scientific satisfaction the hair[ ] of Ledura Watkins." He further agreed that there it was "highly probable" that the hair came from plaintiff.

In 2013, the FBI recognized the problem of prosecution witnesses overstating the reliability of hair identification and issued guidelines for such testimony. In his motion for new trial, plaintiff submitted the FBI's report as well as an affidavit from a forensic biology expert setting forth several criticisms of the evidence technician. The prosecution agreed that the technician's testimony had been improper and, given the post-trial destruction of the hair samples and the recantation, that it did not have sufficient evidence to retry the case. Thus, plaintiff was released after 45 years of imprisonment and filed suit against the state as provided for by the Wrongful Incarceration Compensation Act (WICA), MCL 691.1751 *et seq.*

MCL 691.1755(1) sets forth the elements of such a claim. It is not disputed that plaintiff has satisfied the first two requirements found in MCL 691.1755(1)(a)-(b).

The legal question now before us is whether the recantation can be considered "new evidence" under MCL 691.1755(1)(c) consistent with MCL 691.1752(B), which requires that "there is other evidence to support the recantation . . . ." I would conclude that the new understanding of the limits of forensic hair evidence is evidence that supports the recantation and that the Legislature's intent was to prevent a recantation from serving as the sole basis for compensation under WICA, not to require that a recantation be ignored despite the presence of additional grounds to conclude the individual was innocent of the crime.

The factual question is therefore whether the recantation, combined with the present recognition that the technician's testimony was erroneous and misleading, constitutes clear and convincing evidence that plaintiff did not commit the crime. In my view, this question should not have been determined on the basis of affidavits and depositions, but rather after a trial that would allow the trial court, as finder of fact, to actually hear and see the witnesses in order to make necessary credibility decisions. Certainly, the new evidence creates a question of fact as to plaintiff's innocence. Whether it constitutes clear and convincing evidence turns largely on the credibility of the recanting witnesses, the technician and relevant experts. That should be determined by the court as factfinder after hearing the witnesses testify rather than at the summary-disposition stage. This case has, in a sense, been pending for 45 years and deserves the finality that only a trial can provide.

/s/ Douglas B. Shapiro